IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bankers Life and Casualty Company, ) | C/A: 3:15-2063-JFA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| Susan Lasker Coates; Patricia L. Hejna; Loren ) | |
| M. Suits; and Steven D. Lasker, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

In this action, the plaintiff, Bankers Life and Casualty Company, contends that it was faced with competing claims to a $10,000 life insurance policy it issued insuring the life of the late Genevieve Lasker. Pursuant to the federal Interpleader statute, Bankers Life initiated this action, joining all of the potential claimants and paying the $10,000 policy proceeds into the Court's Registry.

Upon being served, three of the defendants, to wit: Susan Lasker Coates, Patricia L. Hejna, and Steven D. Lasker, answered and claimed their proportionate share of the insurance proceeds. After initially defaulting, and then being given an extension by this Court, the remaining defendant, Loren M. Suits, filed a responsive pleading contesting the other three defendants' claim to the insurance proceeds.

Shortly after the issues were joined, this Court conducted a telephonic status conference to explain to the parties, all of whom elected to proceed in this action *pro se*, the procedures to be followed in terms of an evidentiary hearing regarding the potential claims

1

to the life insurance proceeds. The Court carefully explained to the parties that the evidentiary hearing would be conducted in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.[1]

After allowing a period for discovery, this Court scheduled the hearing in this matter for Monday, April 11, 2016. The week before the hearing, Ms. Suits called this Court's chambers to inform the Court's judicial assistant that she was a primary caregiver for a family member and would not be able to attend the hearing. She indicated that she would be filing or faxing a letter to the Court to explain her situation.

Two days later, on Wednesday, April 6, 2016, this Court conducted a telephonic hearing with Ms. Suits at which a court reporter was present, to determine if Ms. Suits wished to abandon her claim in this case. The court reporter made a full transcript of that conversation.

In the telephone conversation, Ms. Suits once again advised the Court that she was a caregiver and that it would not be worth her trouble and expense to travel to Columbia, South Carolina for the hearing. She indicated that she preferred to set out her position on the merits by way of a notarized letter. The Court responded that this would not be proper. The Court explained, several times, to Ms. Suits that if that was her wish, she could relinquish her claim to the proceeds at issue in this litigation by filing a simple paper with the Court indicating, without equivocation, that she did not wish to pursue this matter and did not assert an interest in the life insurance proceeds. She then indicated that such a letter would be sent.

---

[1]The Court reiterated its instructions in this regard in a written order filed before the hearing.

Unfortunately, when Ms. Suits' letter was received, it contained no concessions as had been suggested by her in the earlier telephone conference. Rather, she complained about the procedures employed in this case, she once again explained about her care giving responsibilities, and the expense of traveling to South Carolina.

Because Ms. Suits did not relinquish her claim as indicated, this Court was left with no choice but to proceed with the hearing on April 11, 2016. Present at this hearing were two of the other defendants, Ms. Coates and Ms. Hejna. They indicated that they were also speaking for the remaining defendant, their brother, Mr. Lasker.

It being quite apparent that Ms. Suits had not asserted a claim in this matter and did not appear at the hearing after being repeatedly advised of her obligation to attend, the Court was left with little choice but to award the full insurance proceeds to the three remaining defendants, Susan Lasker Coates, Patricia L. Henjna, and Steven D. Lasker, by default.

Accordingly, by default, this Court determines that the rightful beneficiaries of the policies are Susan Lasker Coates, Patricia L. Henjna, and Steven D. Lasker. The Clerk of this Court is authorized to divide the funds in the Registry into three equal shares and disburse them to the three defendants, Susan Lasker Coates, Patricia L. Henjna, and Steven D. Lasker at the addresses that they have provided to the Court.

To the extent that Bankers Life and Casualty Company has asserted a claim for attorneys fees incurred in the initiation and prosecution of this action, that motion is denied.

IT IS SO ORDERED.

April 11, 2016  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge